[No. 692. Decided February 7, 1893.]

VANDEVER P. MORROW, *Appellant*, v. THOMAS MORAN, *Respondent*.

JUDGMENT — COLLATERAL ATTACK — EXECUTION SALE — TITLE.

A decision of the supreme court establishing property rights between parties will be held conclusive when attacked collaterally in a subsequent action.

The purchaser of land at execution sale acquires the equitable title on payment of the purchase price, if the proceedings have been regular up to the time of the sale, whether the sale is properly confirmed or not.

*Appeal from Superior Court, Mason County.*

Action by Vandever P. Morrow against Thomas Moran to quiet title to certain land. The land in controversy was bought by defendant at an execution sale, pursuant to a judgment rendered by the supreme court of the Territory of Washington against the plaintiff in this action and another. The sale was confirmed by the supreme court, and a sheriff's deed issued to the defendant herein. From a judgment in favor of defendant, plaintiff appeals.

*C. W. Hartman*, for appellant.

*Judson & Sharpstein*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— To reverse this case it would be necessary to overrule the supreme court of the Territory of Washington in *Willey v. Morrow*, 1 Wash. T. 474. The supreme court in that case, after a pretty thorough examination of the law, decided, both upon the hearing and petition for re-hearing, that it had jurisdiction of the case, and under the law as it then existed we are not willing to say that their decision was erroneous. At all events it must be held

conclusive where attacked collaterally as in this case.   And then, if the appellant's theory of law be conceded to be correct, it is cured by act of congress approved April 4, 1874.   (See act entitled "An act concerning practice in territorial courts," Code of Washington, page 22.)

Even if the supreme court had no right to confirm the sale, it is not the confirmation that gives the equitable title to the land, but it is the purchase at the execution sale and the payment of the purchase price according to the terms of the sale.   If the proceeding had been regular up to the time of and including the sale, the equitable title would pass to the purchaser.   The confirmation is really only the announcement of the legal determination of these facts.

We have examined the whole case without specially arguing all the errors alleged by appellant, and have been unable to find any error in the rulings or judgment of the court below, and the judgment is, therefore, affirmed.

ANDERS, STILES, HOYT and SCOTT, JJ., concur.